**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Paisley; and Sandra Bahr,<br><br>         Plaintiffs,<br><br>vs.<br><br>Henry R. Darwin, in his capacity as Acting Director of the Arizona Department of Environmental Quality; and Doug Ducey, in his capacity as Treasurer of the State of Arizona,<br><br>         Defendants. | No. CV-10-1253-PHX-DGC<br><br>**ORDER** |

Plaintiffs are residents of Maricopa County seeking to enforce compliance with requirements of the Clean Air Act ("CAA"), 42 U.S.C. § 7401 et seq., and a State Implementation Plan submitted by Arizona under the CAA. The parties have filed motions for summary judgment, and the motions are fully briefed. Oral arguments were heard on September 2, 2011. For reasons stated below, Plaintiffs' motion will be granted and Defendants' motion denied.

**I.     Background.**

The CAA establishes a comprehensive program for controlling and improving the Nation's air quality through state and federal regulation. Pursuant to the CAA, the Environmental Protection Agency ("EPA") has established national ambient air quality standards ("NAAQS") for certain pollutants. 42 U.S.C. §§ 7408, 7409. Communities that violate the NAAQS are designated as nonattainment areas. The CAA requires each

state to develop a state implementation plan ("SIP") providing for the attainment, maintenance, and enforcement of the NAAQS within each area of the state. *Id.* § 7410. The SIP is to be submitted to the EPA for approval. *Id.* "[O]nce the EPA approves a SIP, the state is required to comply with it unless and until a replacement SIP is formally approved." *Coal. for Clean Air, Inc. v. S. Coast Air Quality Mgmt. Dist.*, No. CV97-6916-HLH, 1999 WL 33842864, at *1 (C.D. Cal. Aug. 27, 1999) (citing 42 U.S.C. § 7410(a)(3)). Indeed, the approved SIP's "requirements and commitments become binding upon the state as a matter of federal law." *AIR v. C&R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1085 (E.D. Cal. 2006).

Maricopa County, particularly the Phoenix metropolitan area, has been designated as a nonattainment area for carbon monoxide, ozone, and particulate matter. In 1993, the State of Arizona developed a proposed SIP, which later was revised and approved by the EPA. The SIP included new funding sources for transit improvements which recently had been adopted by the Arizona Legislature as part of House Bill 2001 ("H.B. 2001") and which were designed to reduce carbon monoxide and ozone and ensure compliance with air quality standards mandated by the CAA. H.B. 2001, 41st Leg., 6th Sp. Sess. (Ariz. 1993). Among the provisions of H.B. 2001 incorporated into the SIP were amendments to A.R.S. § 5-522 to provide for the payment of lottery monies into the local transportation assistance fund ("LTAF"). Subsection (A) of amended § 5-522 provided that not less than 31.5% of revenues received from a new multistate lottery game known as "Powerball," up to a maximum of $18 million each fiscal year, would be deposited into the LTAF. A.R.S. § 5-522(A)(4) (1994). This provision applied only if $45 million would otherwise be available to the state general fund from lottery proceeds. A.R.S. § 5-522(E) (1994). Under the SIP, the $18 million would be apportioned to counties on the basis of their citizens' participation in the lottery, with an estimated $10.8 million per year going to Maricopa County. A.R.S. § 28-2602(F) (1994); Doc. 41-1 at 33.

In 2010 – the terms of the federally-binding SIP notwithstanding – the Arizona Legislature passed House Bill 2012 ("H.B. 2012") and repealed the provisions of § 5-522

that allocated lottery monies to the LTAF, as well as the statutory provisions establishing the LTAF itself, A.R.S. §§ 28-8101 through 28-8104 (formerly A.R.S. §§ 28-2601 and 28-2602). H.B. 2012, 49th Leg., 7th Sp. Sess. (Ariz. 2010). Governor Brewer signed the bill into law on March 18, 2010, and it became effective three months later. *Id.* § 50.

In June 2011, Plaintiffs filed suit against the State, the Governor, the Arizona Department of Environmental Quality ("ADEQ"), and the ADEQ's then-current Director, Benjamin Grumbles. Doc. 1. In an order dated November 8, 2010, the Court concluded that Plaintiffs have standing to sue, but dismissed the State, the Governor, and the ADEQ based on Eleventh Amendment immunity. Doc. 15.

Plaintiffs filed an amended complaint against the new Acting Director of the ADEQ, Henry Darwin, and the Treasurer for the State of Arizona, Doug Ducey. Doc. 33. Because the portion of the SIP requiring that lottery funds be deposited into the LTAF is enforceable as a matter of federal law, the complaint alleges, the Arizona Legislature was without authority to repeal the deposit of lottery funds into the LTAF absent prior approval from the EPA. *Id.* ¶ 37. Plaintiffs claim that the failure of Defendants to ensure the continued deposit of lottery funds into the LTAF as provided for in the SIP constitutes a violation of the CAA, 42 U.S.C. § 7604(f). *Id.* ¶ 39. Plaintiffs seek an order, pursuant to 42 U.S.C. § 7604(a)(1), declaring that the Arizona Legislature's repeal of the deposit of lottery funds into the LTAF is preempted by the CAA and therefore has no legal effect, declaring that the requirement to deposit lottery funds into the LTAF as required by the SIP remains in full force and effect as a matter of federal law, and directing Defendant Ducey to comply with the requirement to deposit lottery funds into the LTAF. *Id.* at 8, ¶ 40.

**II.    Summary Judgment Standard.**

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in

favor of the nonmoving party, shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. Analysis.

Defendants contend that the claims against them are barred by the Eleventh Amendment. Doc. 38. Plaintiffs argue that H.B. 2012 is preempted by the CAA and that declaratory and injunctive relief are appropriate. Doc. 40.

#### A. Defendant Darwin.

In the CAA, Congress authorizes civil suits against any person or governmental instrumentality "who is alleged to have violated . . . or to be in violation of an emission standard or limitation" under the CAA. 42 U.S.C. § 7604(a)(1). Congress grants this authorization, however, only to "the extent permitted by the Eleventh Amendment[.]" *Id.*

The Eleventh Amendment generally bars suit against state officials where the state is the real party in interest, that is, where "the judgment would tap the state's treasury or restrain or compel government action." *Almond Hill Sch. v. U.S. Dep't of Agric.*, 768 F.2d 1030, 1033 (9th Cir. 1985); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). Under the exception to this immunity created by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), however, a federal court may award prospective injunctive relief "when a plaintiff brings suit against a state official alleging a violation of federal law [.]" *Natural Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 422 (9th Cir. 1996). The *Young* exception requires a "special relation" between the state officer sued and the challenged statute, such that the officer has "some connection with the enforcement of the act[.]" *Confederated Tribes & Bands of Yakama Indian Nation v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999).

Defendants contend that because Director Darwin has no responsibility over the implementation of the former LTAF and former A.R.S. § 5-522, he lacks the "special relation" required for the *Young* exception. Doc. 38 at 7. As the Court previously found (Doc. 15 at 7), the ADEQ Director is directly responsible for enforcing the SIP and may adopt revisions to the SIP only in conformity with federal regulations. A.R.S. § 49-404;

*see Sweat v. Hull*, 200 F. Supp. 2d 1162, 1173 (D. Ariz. 2001). In this case, Plaintiffs seek to enforce the SIP – they seek a declaration that the obligation to deposit lottery funds into the LTAF, as required by the SIP, remains in effect. Doc. 33 at 8. Defendant Darwin, as the state official responsible for enforcing the SIP, has the requisite "special relation" to the SIP for purposes of the *Young* exception.

Defendants note, correctly, that the sole form of injunctive relief sought in the complaint is an order directing the Treasurer – not the ADEQ Director – to deposit lottery funds into the LTAF. Because Director Darwin may not effectuate this injunctive relief, they argue, he does not have the special relation to the claimed violation for purposes of the *Young* exception and the suit against him therefore is barred by the Eleventh Amendment. Doc. 38 at 7-10. The Court does not agree.

This Circuit has "long held that the Eleventh Amendment does not generally bar declaratory judgment actions against state officers." *Nat'l Audubon Society, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (citations omitted). "The only question is whether the declaratory action is seeking prospective, rather than retrospective, relief." *Id.*; *see Ringo v. Lombardi*, No. 09-4095-CV-C-NKL, 2010 WL 3310240, at *4 (W.D. Mo. Aug. 19, 2010) (under *Young* "state officials may be sued in their official capacities for prospective declaratory and injunctive relief where plaintiffs allege that the officials are violating federal law"). Plaintiffs seek a declaration that repeal of the allocation of lottery funds to the LTAF is preempted by the CAA, and that the SIP's requirement that lottery funds be deposited into the LTAF therefore remains in effect. Doc. 33 at 8. Stated differently, Plaintiffs claim that Defendants' failure to enforce the SIP and allocate lottery funds to the LTAF constitutes a continuing violation of federal law. Defendants do not assert, and the Court does not otherwise find, that the declaratory relief sought by Plaintiffs has "retrospective effect; rather it has purely prospective effect, either of its own force or as a basis for . . . injunctive relief." *Nat'l Audubon Society*, 307 F.3d at 848; *see S & M Brands, Inc. v. Summer*, 393 F. Supp. 2d 604, 619 (M.D. Tenn. 2005) (the plaintiffs "couched their claims entirely in prospective language" by seeking

judicial declarations that repeal of certain state statutory provisions is preempted by federal law). The Court concludes that Director Darwin is the appropriate state official to receive the Court's declaratory judgment that the SIP remains the controlling law and must be complied with. The Eleventh Amendment does not bar suit against Director Darwin, "who has direct authority over and principal responsibility for enforcing [the SIP]." *Nat'l Audubon Society*, 307 F.3d at 347. Defendants' summary judgment motion will be denied in this respect.

**B.     Defendant Ducey.**

Defendants argue that the Arizona Legislature repealed the LTAF itself, the complaint seeks no relief with respect to the repeal, and therefore there is no LTAF into which the Treasurer may deposit lottery monies. As a result, Defendants contend, the Court cannot provide redress. Doc. 38 at 6-7. Defendants read the complaint too narrowly.

In the section entitled "REPEAL OF LTAF" (Doc. 33 at 7), Plaintiffs allege that the Legislature "was without authority to repeal the deposit of lottery funds into the LTAF" (*id.* ¶ 38). This challenge to the Legislature's authority, reasonably construed, is not limited solely to the repeal of the provisions of A.R.S. § 5-522. The claim that Defendants violated federal law by failing "to ensure the continued deposit of lottery funds into the LTAF as provided for in the SIP" (*id.* ¶ 39) would ring hollow absent a challenge to the repeal of the LTAF itself. Plaintiffs' complaint "must be construed so as to do justice." Fed. R. Civ. P. 8(e). The Court finds that it can provide appropriate redress and Plaintiffs therefore have standing to sue Defendant Ducey. Defendants' summary judgment motion will be denied in this respect.[1]

---

[1] Defendants argued in their motion that the 2009 version of the statute no longer permitted the Treasurer to deposit funds from A.R.S. § 5-522(A) into the LTAF, and that returning to that statutory scheme therefore would not permit injunctive relief against the Treasurer. As made clear at oral argument, however, Plaintiffs seek enforcement of the SIP, and the SIP clearly contained statutory authority for the Treasurer to deposit funds from A.R.S. § 5-522(a) in the LTAF. *See* A.R.S. § 28-2602(F) (1994).

### C.   The SIP Prohibits the Repeal.

The Supremacy Clause of the United States Constitution provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . , any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI cl. 2. Under this clause, "Congress has the power to preempt state law." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). Indeed, as the Supreme Court recently confirmed, "[t]he Supremacy Clause, on its face, makes federal law 'the supreme Law of the Land' even absent an express statement by Congress." *Pliva, Inc. v. Mensing*, 131 S. Ct. 2567, 2579 (2011).

This Circuit has made clear that provisions of an EPA-approved SIP are federally enforceable in district court through the CAA's citizen suit provision, 42 U.S.C. § 7604(a)(1). *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 741 (9th Cir. 2008); *see also Latino Issues Forum v. EPA*, 558 F.3d 936, 938 (9th Cir. 2009); *Ass'n of Irritated Residents v. U.S. E.P.A.*, 632 F.3d 584, 588 (9th Cir. 2011); *GM Corp. v. United States*, 496 U.S. 530, 540 (1990). As amended by H.B. 2001, A.R.S. § 5-522(A)(4) (1994) required that revenues from the multistate lottery game be deposited into the LTAF. This requirement was made part of the EPA-approved SIP. Doc. 39-1 at 7. Defendants admit that, absent prior approval from the EPA, the Arizona Legislature lacked authority to repeal the portions of A.R.S. § 5-522(A) that are included in the SIP, and that the Legislature's attempt to do so therefore is null and void and the lottery funding requirement included in the SIP remains in full force and effect. Doc. 36 ¶¶ 37-38. To the extent repeal of the statutory provisions establishing the LTAF itself precludes full enforcement and implementation of the SIP, the Court finds that the Legislature was without authority to repeal those provisions as well.

In summary, to the extent H.B. 2012 repealed portions of A.R.S. § 5-522(A) that are included in the SIP and repealed the statutory provisions establishing the LTAF, *see* A.R.S. § 28-8101 et seq., the bill "is ineffective and preempted by federal law." *Sweat*,

200 F. Supp. 2d at 1172. Plaintiffs' motion for summary judgment will be granted in this regard.

### D. Policy Arguments Are Inapposite.

Defendants assert that this lawsuit has no significance to air quality or transit services in the Phoenix area. Doc. 38 at 13-14. But the advisability of requiring lottery funding for transit, or other policy considerations that went into the SIP, are not for this Court to decide. "That some people honestly believe that the [LTAF] has outlived its usefulness cannot mean that those of that view can take matters into their own hands." *Kentucky Resources Council, Inc. v. EPA*, 304 F. Supp. 2d 920, 930 (W.D. Ky. 2004). "[O]nce the EPA approves a SIP, the state is required to comply with it unless and until a replacement SIP is formally approved." *Coal. for Clean Air, Inc. v. S. Coast Air Quality Mgmt. Dist.*, No. CV97-6916-HLH, 1999 WL 33842864, at *1 (C.D. Cal. Aug. 27, 1999) (citing 42 U.S.C. § 7410(a)(3)). If Defendants disagree with the SIP, they must follow appropriate federal procedures to revise it. *See* 40 C.F.R. § 51.104. Compliance with the CAA's procedure for revision of SIPs "is absolutely essential to maintaining national standards for ambient air quality in a cooperative spirit. Without those procedural controls, the [CAA] is bereft of coherence and enforcement power." *Id.*

### E. Conclusion.

The Court concludes that Defendants Darwin and Ducey are properly named and subject to suit in this case. The Court also finds that the SIP, which has the effect of federal law under the CAA, precluded the Arizona Legislature from rescinding key provisions of the SIP without EPA approval. As a result, the Court will grant summary judgment in favor of Plaintiffs, deny Defendants' motion for summary judgment, and order appropriate relief.

**IT IS ORDERED:**

1. Plaintiffs' motion for summary judgment (Doc. 40) is **granted**.
2. Defendants' motion for summary judgment (Doc. 38) is **denied**.
3. The Court enters the following declaratory relief: To the extent H.B. 2012

repealed portions of A.R.S. § 5-522(A) that are included in the SIP, and repealed the statutory provisions establishing the LTAF, *see* A.R.S. § 28-8101 et seq., the bill is ineffective and preempted by federal law. The requirement to deposit lottery funds into the LTAF as set forth in the EPA-approved SIP remains in full force and effect.

4. The Court intends to enter an appropriate injunction against Defendant Ducey to reinstate the deposit and disbursement of Arizona lottery funds into and from the LTAF as required by the SIP. The parties are directed to confer and submit to the Court a jointly proposed form of injunction by **September 23, 2011**. If the parties are unable to agree, they shall, by **September 23, 2011**, provide the Court with memoranda (not to exceed 7 pages each) setting forth their positions on an appropriate injunction.

Dated this 2nd day of September, 2011.

_____
David G. Campbell
United States District Judge